IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOI R. HOWARD,                        )
                                      )
            Plaintiff,                )
                                      )
      -vs-                            )        Civil Action No.  15-351
                                      )
CAROLYN W. COLVIN,                    )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
            Defendant.                )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 19).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 15) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).


## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act").  Administrative Law Judge ("ALJ"), Guy Koster, held a hearing on March 21, 2013.  (ECF No. 8-2, pp. 27-76).  On May 10, 2013, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 8-2, pp. 13-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 14 and 18). The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Frequency of Sitting and Standing/Walking

Plaintiff argues that the ALJ erred "by failing to be specific as to the frequency by which Ms. Howard needs to alternate sitting with standing/walking." (ECF No. 15, pp. 3-6). In support of the same, Plaintiff relies, *inter alia,* on SSR 96-9p. (ECF No. 15, p. 4). That section, however, applies to sedentary work, and is facially inapplicable to light work. *McGinnis v. Comm'r of Soc. Sec.*, 2013 WL 6710344 at *10-11 (W.D. Pa. Dec. 18, 2013). Consequently, reliance upon SSR 96-9p is misplaced.

The applicable regulation, SSR 83-12, does not require an ALJ to specify the frequency of the sit/stand option. *Habney v. Astrue,* 506 Fed.Appx. 615, 617 (9th Cir. 2013). Rather, SSR 83-12 discusses the framework for evaluating exertional limitations within a range of work or between ranges of work, and provides:

> Where an individual exertional RFC does not coincide with the definitions of any one of the ranges of work as defined in sections 404.1567 and 416.967 of the regulations, the occupational base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability. The adjudicator will consider the extent of any erosion of the occupational base and access its significance. In some instances, the restriction will be so slight that it would clearly have little effect on the occupational base. In

cases of considerably greater restriction(s), the occupational base will obviously be affected. In still other instances, the restrictions of the occupational base will be less obvious.

Where the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource.

*      *      *

*SPECIAL SITUATIONS*

1. *Alternate Sitting and Standing*

In some disability claims, the medical facts lead to an assessment of RFC which [is] compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for [a]time, but must then get up and stand or walk for a while before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.).... In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

SSR 83-12; *See, Martin v. Barnhart*, 240 Fed.Appx. 941, 944-46 (3d Cir. 2007).

In this case, the ALJ acknowledged that Plaintiff's "ability to perform all or substantially all of the requirements of this level of [light] work has been impeded by additional limitations." (ECF No. 8-2, p. 22). As a result, he specifically sought testimony from a VE. (ECF No. 8-2, pp. 62-65). The ALJ properly set forth hypothetical questions that portrayed Plaintiff's limitations including her need for a sit/stand option at will. *Id.* Thus, the ALJ properly abided by the policy of SSR 83-12. The VE then testified that taking all into consideration, there exist jobs in significant numbers in the national economy that Plaintiff could perform. *Id.* After a review of the evidence, I find the VE's testimony provides substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled. (ECF No. 8-2, pp. 17-23, 62-65). Consequently, I find no error in this regard and remand is not warranted.

An appropriate order shall follow.

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOI R. HOWARD,                              )
                                            )
            Plaintiff,                      )
                                            )
   -vs-                                     )          Civil Action No.  15-351
                                            )
CAROLYN W. COLVIN,                          )
COMMISSIONER OF SOCIAL SECURITY,            )
                                            )
            Defendant.                      )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 17th day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 14) is denied and Defendant's Motion for Summary Judgment (Docket No. 18) is granted.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge